```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :      CRIMINAL ACTION
                               :
        v.                     :
                               :
SHAWN BROWN                    :      NO. 04-532
```

MEMORANDUM

Bartle, J.                                              May 18, 2022

Before the court is the motion of defendant Shawn Brown, acting pro se, for compassionate release and sentence reduction.

I

On January 26, 2005, a jury convicted Brown of possessing cocaine with intent to distribute (21 U.S.C. § 841(a)(1), (b)(1)(C)); using, brandishing, and discharging a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(iii)); and possessing a firearm as a convicted felon (18 U.S.C. §§ 922(g)(1), 924(e)).  The court sentenced Brown on November 16, 2007, to a term of imprisonment of 420 months to be followed by a five-year period of supervised release.

Brown is currently serving his sentence at the Federal Correctional Institution in Fairton, New Jersey.  He has served approximately 210 months and has credit for good conduct time of approximately 31 months.

II

As mentioned above, Brown's motion for sentence reduction relies on 18 U.S.C. § 3582 as recently amended by the First Step Act. Section 3582(c)(1)(A)(i) provides that a court may order compassionate release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission":

> The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction . . . and

> that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Congress has also enacted 28 U.S.C. § 994(t) which provides the following:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist if the defendant is (1) "suffering from a terminal illness"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

A district court is not bound by the Sentencing Commission's policy statement in deciding what is an

extraordinary and compelling reason.  United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021).  Still, the court may look to the policy statement as a guide, even if it is not ultimately binding.  Id. at 260.

### III

Brown seeks compassionate release because of his medical conditions.  He maintains that he suffers from hypothyroidism and from Graves' disease.  Those conditions, he claims, place him at a higher risk for developing severe illness should he contract COVID-19.

The court notes that the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease.  See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  Compassionate release is available only to defendants with medical conditions that place them at a high risk of developing severe illness from COVID-19.  See, e.g., United States v. Spencer, 519 F. Supp. 3d 237, 249–50 (E.D. Pa. 2021).

Brown has not shown that he suffers from such a medical condition.  The Centers for Disease Control and Prevention does not consider either hypothyroidism or Graves' disease to be a risk factor that heightens an individual's risk of severe illness from COVID-19.  See People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention

(May 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html; see also United States v. Fields, Cr. A. Nos. 06-155-3 & 06-490-2, 2020 WL 7640941, at *2 (E.D. Pa. Dec. 23, 2020).  Furthermore, Brown has received a two-dose COVID-19 vaccine and a subsequent booster shot.  Courts have overwhelmingly rejected petitions for compassionate release when a defendant is vaccinated and does not have a condition that heightens his risk of developing serious illness from COVID-19.  See, e.g., United States v. Reed, Cr. A. No. 18-78, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021).  Accordingly, the court finds that Brown has not presented extraordinary or compelling circumstances based on his medical conditions that warrant compassionate release.

IV

Brown has not established an extraordinary and compelling reason that warrants his release under § 3582(c)(1)(A).  Thus, the court will deny the motion of Brown for a compassionate release or a reduction in sentence.