```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :     CRIMINAL ACTION
                               :
         v.                    :
                               :
SHAWN BROWN                    :     NO. 04-532
```

## MEMORANDUM

Bartle, J.                                          December 12, 2024

Before the court is the motion of defendant Shawn Brown for modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 129). This is his second motion for compassionate release. His prior motion was denied by this court. Order, United States v. Brown, Crim. A. No. 04-532 (E.D. Pa. May 18, 2022) (Doc. # 124), aff'd, No. 22-2046 (3d Cir. Sept. 26, 2022).

On January 26, 2005, a jury convicted defendant of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count I); using, brandishing, and discharging a firearm, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count II); and possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (Count III). He was sentenced in 2007 to 420 months of imprisonment, which is comprised of 240 months on Count I, 120 months on Count III, and

180 months on Count II, to be served consecutively to the sentences imposed on Counts I and III.[1]

Defendant argues in his motion and his related motion "to supplement or amend"[2] two bases for a reduction of sentence. First, he argues that he has been rehabilitated. Next, he maintains that he is currently serving an unusually long sentence of 180 months on his conviction on Count II under 18 U.S.C. § 924(c)(1)(A)(iii).

Generally, the court may not modify a sentence once it is imposed. 18 U.S.C. § 3582(c). However, under Section 3582(c)(1)(A)(i), the court may reduce a term of previously imposed imprisonment if warranted "for extraordinary and compelling reasons." That authority is circumscribed in several ways. The court is required to consider the factors under 18 U.S.C. § 3553(a) to the extent applicable. Any reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

---

1. His initial sentence, which was imposed on June 16, 2005, was vacated by the Court of Appeals. United States v. Brown, No. 05-3174 (3d Cir. July 31, 2007). The court resentenced defendant to 420 months on November 19, 2007 (Doc. # 66). Our Court of Appeals affirmed this sentence, finding that the court did not abuse its discretion. United States v. Brown, No. 07-4450 (3d Cir. June 30, 2010).

2. The court will grant this motion to amend and consider defendant's additional argument in deciding his motion for reduction in sentence.

-2-

Section 1B1.13(b) of the Sentencing Guidelines sets forth multiple circumstances which qualify as extraordinary or compelling reasons.  An unusually long sentence may serve as a basis for compassionate release based on "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)" and if defendant has served at least ten years of his sentence.  U.S. Sent'g Guidelines § 1B1.13(b)(6).  Rehabilitation alone may not serve as a basis for compassionate release.  See 28 U.S.C. § 994(t); see also U.S. Sent'g Guidelines § 1B1.13(d).

Defendant has the burden of establishing his entitlement to compassionate release.  See United States v. Hampton, 985 F.3d 530, 533 (6th Cir. 2021); see also United States v. Neal, Crim. A. Nos. 08-628, 10-685, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020).  Under 18 U.S.C. § 3582(c)(1)(A)(i), he must prove an extraordinary and compelling reason for a reduction in sentence.

Defendant maintains, as noted, that he qualifies for compassionate release because he is serving an unusually long sentence of 180 months for violating 18 U.S.C. § 924(c)(1)(A)(iii).  This crime has a mandatory minimum sentence of 10 years, or 120 months, and a maximum sentence of life.  See United States v. Shabazz, 564 F.3d 280, 288 (3d Cir. 2009).  Highlighting the disparity between his sentence and the

mandatory minimum at that time, he concludes that "he is serving a sentence beyond what is usual, customary, regular or common."

Subsection 1B1.13(b)(6) of the Sentencing Guidelines provides that a court may consider an unusually long sentence as a basis for relief when defendant proves that there has been "a change in the law" which would "produce a gross disparity between the sentence being served and the sentence likely to be imposed" as of the date the motion is filed. Although defendant identifies a disparity between his imposed sentence of 180 months and the mandatory minimum of 120 months, this disparity is not a result of a subsequent change in the law.[3] The mandatory minimum has remained the same since the time of defendant's sentencing. The court imposed the 180-month sentence after consideration of the factors Congress directs courts to take into account. See 18 U.S.C. § 3553(a). Our Court of Appeals affirmed. United States v. Brown, No. 07-4450 (3d Cir. June 30, 2010).

---

3. The First Step Act amended the mandatory minimum sentence for persons convicted of multiple violations of 18 U.S.C. § 924(c). Pub. L. No. 115-391, 132 Stat. 5194 (2018). Defendant was convicted of only one such violation of § 924(c). The First Step Act did not amend the mandatory minimum for those convicted of only one violation. Additionally, the change to the mandatory minimum sentences of those convicted of multiple violations of § 924 was nonretroactive. Our Court of Appeals determined that the Sentencing Commission may not authorize courts to utilize the change in the mandatory minimum for consecutive § 924(c) convictions as a basis for compassionate release under Section 1B1.13(b)(6). United States v. Rutherford, 120 F.4th 360, 379 (3d Cir. 2024).

Defendant also argues that a reduction in sentence is appropriate because he has engaged sincerely in rehabilitation. In support, he states that he has fulfilled his financial obligations (a $300 special assessment), has a low recidivism pattern score, has engaged in multiple educational programs while incarcerated, and has great family support.

The court recognizes that defendant has not committed any infractions during his incarceration and that the Bureau of Prisons has designated him as having a low risk of reoffending. However, rehabilitation alone does not serve as a basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t).

Defendant has not come forward with any extraordinary and compelling reason for the reduction of his sentence. Accordingly, his motion for reduction in sentence will be denied.