IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHAWN BROWN | : | NO. 04-532 |

MEMORANDUM

Bartle, J.                                                    June 25, 2026

Defendant Shawn Brown is currently serving a 35-year sentence after having been found guilty by a jury of trafficking in cocaine and shooting a semi-automatic firearm at Philadelphia police officers on February 14, 2004.  Acting pro se, he now moves for the third time for modification of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).[1]

On May 18, 2022, the court denied his first motion for compassionate release.  United States v. Brown, Crim. A. No. 04-532, 2022 WL 1568377, at *2 (E.D. Pa. May 18, 2022), aff'd, No. 22-2046, 2022 WL 4461389 (3d Cir. Sept. 26, 2022).  He argued that he was suffering from certain medical conditions and that he should be released because of the risk posed by Covid.  Id.

---

[1]    The government received the defendant's motion for compassionate release on May 4, 2026.  On May 11, 2026, the government provided the motion to the Clerk of Court because it did not appear on the docket.  That motion appears as Doc. # 137.  The court later received the motion, and it was docketed as Doc. # 142 on May 22, 2026.  Accordingly, there are two pending motions for compassionate release, but they are identical.

The Court of Appeals affirmed.  United States v. Brown, No. 22-2046, 2022 WL 4461389, at *1 (3d Cir. Sept. 26, 2022).

On November 19, 2024, defendant filed a second such motion.  This time, he maintained that he received an overly long sentence and had been rehabilitated.  United States v. Brown, Crim. A. No. 04-532, 2024 WL 5090472, at *2 (E.D. Pa. Dec. 12, 2024).  Again, this court denied his motion.  Id.

In his present motion, he stresses his rehabilitation and the fact that he suffered from a drug problem at the time of his crimes.  He also argues that he was recently diagnosed with prostate cancer.  According to his medical records, the cancer presents a "low to intermediate risk."

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a term of imprisonment for extraordinary and compelling reasons as long as any reduction is consistent with applicable policy statements issued by the Sentencing Commission.  Under 28 U.S.C. § 994(t), a court may not consider rehabilitation alone as a basis for a reduction in sentence.  Nonetheless, § 1B1.13(d) of the Sentencing Guidelines allows rehabilitation to be considered "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."  U.S. Sent'g Guidelines Manual § 1B1.13(d) (U.S. Sent'g Comm'n 2025).

-2-

The court may take into account certain medical circumstances of the defendant under § 1B1.13(b)(1) when deciding a motion to modify a sentence.  U.S. Sent'g Guidelines Manual § 1B1.13(b)(1) (U.S. Sent'g Comm'n 2025).  A court may grant relief if the defendant is suffering from a terminal illness, that is a serious and advanced illness with an end-of-life trajectory.  See id. § 1B1.13(b)(1)(A).  It may also do so if a defendant is suffering from a physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  See id. § 1B1.13(b)(1)(B).  Defendant does not meet either of these requirements.  Nor has defendant demonstrated that he has a medical condition that requires care that is not being provided by the Bureau of Prisons.  See id. § 1B1.13(b)(1)(C).

Defendant has not established any basis for a reduction in sentence.  Neither his rehabilitation, while laudatory (although he has had a recent infraction), nor his medical circumstances warrant relief.

Accordingly, the motion of the defendant for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) will be denied.

-3-